UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br>        Plaintiff,<br>    v.<br>JENFFER WEAVER,<br>        Defendant. | Case No. 21-cv-03640-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

Cymeyon V. Hill, a civil detainee currently in custody at California State Prison - Sacrament, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 while he was previously incarcerated at Salinas Valley State Prison ("SVSP"). Upon initial review, the Court dismissed the complaint with leave to amend so that plaintiff could attempt to cure several deficiencies. *See* Dkt. 12. Plaintiff then filed an amended complaint in which he only requests monetary relief. Dkt. 15. Under 28 U.S.C. § 1915A, the Court must screen most prisoner civil actions to, among other things, identify cognizable claims and dismiss claims that fail to state a claim upon which relief may be granted.

The amended complaint, like the original complaint, concerns allegations that plaintiff was illegally transferred to the "CDCR in 2004 from Patton State Hospital" by defendant Weaver (who is now the only named defendant) "based on false medical documents." Dkt. 15 at 2. The amended complaint further alleges the following:

> Defendant [Weaver] is [a] deliberately indifferent racist and prejudice[d] toward Plaintiff by subjecting [him] to harsh excessive conditions of confinement with the malicious intent to inflict punishment on Plaintiff out of racial prejudice. Civilly committed inmates are supposed to obtain mental health treatment with a chance for release back in to the community and should not be treated like criminals[.] Defendant[']s sole purpose is [to] continue to punish plaintiff because of [his] racial content[.] Defendant continues to endanger plaintiff[']s safety out of prejudice.

*Id.* at 3. No further allegations are included.

1   The amended complaint fails to state a claim against a viable defendant and therefore must
2   be dismissed. Further leave to amend will not be granted because the Court already explained
3   what plaintiff needed to allege, and he was unable or unwilling to do so in his amended complaint.
4   The first problem is that, contrary to the directions in the order of dismissal with leave to
5   amend, the allegations in the amended complaint *still* lack factual support showing that defendant
6   Weaver was aware of any safety concerns based on the decision to authorize plaintiff's transfer to
7   SVSP. *See* Dkt. 15 at 2-3. At most, defendant Weaver's actions seem to amount to negligence,
8   which is not actionable. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n4 (1994). In addition,
9   it seems that plaintiff one again only makes conclusory statements that defendant Weaver's
10  decision to transfer plaintiff was based on "false medical documents" or that such a decision was
11  because she had "malicious intent to inflict punishment on [him]." Dkt. 15 at 2-3. Even after the
12  Court instructed plaintiff to do so, he has failed to set forth specific facts showing how the named
13  defendant was deliberately indifferent to plaintiff's health and safety needs. *See* Dkt. 12 at 6
14  (citing *Farmer*, 511 U.S. at 837). The Court specifically instructed as follows:

> . . . it is not enough that a defendant was negligent or grossly negligent because he or she failed to alleviate a significant risk that he or she should have perceived. See [*Farmer*, 511 U.S.] at 838. Plaintiff also must link every defendant with his allegations of deliberate indifference to his health and safety needs so as to show how each defendant actually and proximately caused the deprivation of plaintiff's federal rights of which he complains. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

*Id.* Plaintiff has failed to correct the aforementioned deficiencies.

Secondly, although the initial complaint had alleged that the originally named defendants were "punishing [him] for filing recent grievances," *see* Dkt. 1 at 3, the amended complaint does not attempt to allege such a claim. In the order of dismissal with leave to amend, the court explained the elements of a retaliation claim and concluded that plaintiff "ha[d] not stated a cognizable retaliation claim against the named defendants as he ha[d] failed to allege facts that show the alleged retaliatory actions of which he complains were taken because of plaintiff's protected conduct." Dkt. 12 at 7. In his amended complaint, plaintiff no longer attempts to allege a retaliation claim.

2

1    This action is DISMISSED for failure to state a claim upon which relief may be granted.

2    The Clerk of the Court shall close the file.

3    IT IS SO ORDERED.

4  Dated: May 10, 2022

5
_____
JUDGE YVONNE GONZALEZ ROGERS
6  United States District Judge